UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 13 2014 ★

BROOKLYN OFFICE

-----------------------------------------------------------------x
CHAN CHEESEBORO, RALPH WHITNEY and
DELLA CHEESEBORO,

                              Plaintiffs,

          – against –

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, *et al.*,

                              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-6439 (SLT) (SMG)

**TOWNES, United States District Court:**

        In December 2012, plaintiff Chan Cheeseboro ("Ms. Cheeseboro") and her parents, Ralph Whitney and Delila Cheeseboro (collectively, "Plaintiffs") commenced this action to recover for injuries Ms. Cheeseboro allegedly sustained at age 8 when the school bus in which she was riding was involved in a motor vehicle accident with another vehicle. In their original complaint, Plaintiffs sued six different defendants: the New York City Health and Hospitals Corporation ("HHC"), the City of New York ("NYC"), the New York City Board of Education (the "BOE"), the Motor Vehicle Accident Insurance Corporation ("MVAIC"), Matron Jane Doe, and a Doe Bus Manufacturer. Plaintiffs voluntarily discontinued the suit against the HHC on March 27, 2013. In a memorandum and order dated December 6, 2013, this Court granted NYC and the BOE judgment on the pleadings.

        Since none of the remaining three defendants had yet been served, this Court ordered Plaintiffs to show cause why this action should not be dismissed without prejudice against the MVAIC, Matron Jane Doe and the Doe Bus Manufacturer pursuant to Rule 4(m). In response to that Order to Show Cause, Plaintiffs' counsel filed a three-page declaration (hereafter, the

"Frishberg Declaration") which, *inter alia*, implied that Plaintiffs had no reason to sue MVAIC until November 12, 2013, when the bus driver testified that the insurance company insuring the other driver had gone out of business. Plaintiffs' counsel represented that this testimony "made it apparent for the first time that identifying the second driver was insufficient, and that commencing suit against MVAIC was also required based upon the driver's underinsured status." Frishberg Declaration, ¶ 7.

The Frishberg Declaration also included explanations as to why Plaintiffs had failed to serve the bus matron and bus manufacturer. However, at oral argument on June 2, 2014, Plaintiffs' counsel clarified that Plaintiffs are no longer seeking an extension of time to serve defendant Doe Bus Manufacturer or defendant Matron Jane Doe. Accordingly, this memorandum and order addresses only the issue of whether Plaintiffs' claims against the MVAIC should be dismissed without prejudice pursuant to Rule 4(m).

## *DISCUSSION*

Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, the Court must extend the time to serve the MVAIC if Plaintiffs can show good cause for the failure to serve that defendant within 120 days. If Plaintiffs cannot show good cause, the Court has the option of either dismissing Plaintiffs' claims against the MVAIC without prejudice or extending the time for serving that defendant.

In this case, Plaintiffs have not demonstrated good cause for failure to serve the MVAIC sooner. The Frishberg Declaration asserts that the bus driver's testimony regarding the other driver's insurance company having gone out of business "made it apparent for the first time that ... commencing suit against MVAIC was also required based upon the driver's underinsured status." Frishberg Declaration, ¶ 7. Yet, the MVAIC was named as a defendant in the original complaint filed in April 2012. Plaintiffs' counsel's explanation, therefore, is unconvincing.

Moreover, the undisputed facts in this case do not suggest that Plaintiff has a cause of action against the MVAIC. The MVAIC does not function as a re-insurer, guaranteeing the obligations of insolvent insurance companies. Rather, the MVAIC is statutorily empowered only to settle and pay claims brought by a "qualified individual" against a "financially irresponsible motorist." N.Y. Ins. Law § 5206(d). Both these terms are defined in N.Y. Ins. Law § 5202. A "financially irresponsible motorist" means:

> the owner, operator, or other person legally responsible for the operation of an *uninsured* motor vehicle involved in an accident resulting in personal injury or death who did not have in effect at the time of such accident either:
>
> (1) a valid and collectible policy of bodily injury liability and property damage liability insurance or bond with applicable limits at least equal to those specified in section three hundred eleven of the vehicle and traffic law; or
>
> (2) a certificate of self insurance issued by the department of motor vehicles pursuant to section three hundred sixteen of the vehicle and traffic law; or
>
> (3) who has not otherwise complied with the provisions of section three hundred twelve of the vehicle and traffic law; or
>
> (4) who does not have in effect at the time of such accident a valid and collectible policy of bodily injury liability and property

> damage liability insurance with applicable limits at least equal to those specified in section 25.13 of the parks, recreation and historic preservation law.

N.Y. Ins. Law § 5202(j) (emphasis added). An "uninsured motor vehicle" is defined as anything other than an "insured motor vehicle," N.Y. Ins. Law § 5202(d), which is defined as "a motor vehicle as to which there is maintained proof of financial security as defined in subdivision three of section three hundred eleven of the vehicle and traffic law or section 25.13 of the parks, recreation and historic preservation law." N.Y. Ins. Law § 5202(c).

At oral argument on June 2, 2014, Plaintiffs' counsel conceded that the driver of the car involved in the accident with the school bus was not a "financially irresponsible motorist." According to Plaintiffs' counsel, the bus driver implied that the other driver was insured at the time of the accident, but that the company insuring the other driver became insolvent sometime after the accident. Accordingly, Plaintiffs would not be protected under the MVAIC.

Furthermore, even if Plaintiffs were eligible for protection under the MVAIC, they would have had to file the notice of claim required under N.Y. Insurance Law § 5208. Section 5208(a) states that "[t]he protection provided by the [MVAIC] on account of motor vehicle accidents caused by financially irresponsible motorists shall be available" only to a "qualified person" who files an affidavit with the MVAIC within a certain time. Without going into unnecessary detail, affidavits must generally be filed within 90 to 180 days. *See* § 5208(a).

To be sure, section 5208(b) provides that if a qualified person fails to file the notice of claim within the prescribed period "by reason of being an infant," a Court may grant leave to file the notice of claim "within a reasonable time after the expiration of the specified period." *See Daniels by Clarke v. Rodriguez*, 171 Misc.2d 420, 422, 654 N.Y.S.2d 552, 554 (N.Y. Sup. Ct.

4

1996). Although § 5208(c) provides that an application to the Court for leave to file a late notice of claim with MVAIC must be made within one year of the accrual of the cause of action, the New York Court of Appeals held in an analogous case that the period during which a court may grant an extension of the time within which to serve the notice of claim under General Municipal Law 50-e is tolled during the infancy of the claimant in accordance with CPLR 208. *See Cohen v. Pearl River Union Free Sch. Dist.*, 51 N.Y.2d 256, 414 N.E.2d 639 (N.Y. 1980). Specifically, *Cohen* held that "where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served." 51 N.Y.2d at 263; 414 N.E.2d at 643.

Since the notice of claim requirements of General Municipal Law § 50-e are similar to the notice requirements of Insurance Law § 5208, at least one court has relied on *Cohen* in holding that "the period specified in ... Insurance Law § 5208(c) during which a Court may authorize service of a late notice of claim upon MVAIC is subject to the tolling provisions of CPLR § 208." *Daniels by Clarke*, 171 Misc.2d at 423, 654 N.Y.S.2d at 554. Even assuming this is correct, however, Plaintiffs would still be barred from moving for late notice of claim now if they have not already done so. At oral argument, Plaintiffs' counsel admitted that Plaintiffs have yet to file anything with the MVAIC.

## *CONCLUSION*

For the reasons set forth above, this Court, in its discretion, declines to extend Plaintiffs' time to serve its frivolous claims on the MVAIC. Plaintiffs' claims against the MVAIC are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Since Plaintiffs withdrew at oral argument their request for an extension of time to serve Matron Jane Doe and the Doe Bus

5

Manufacturer, Plaintiffs claims against these two defendants are also dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

The Clerk of Court is to enter partial judgment dismissing without prejudice Plaintiffs' claims against the MVAIC, Matron Jane Doe and the Doe Bus Manufacturer. Since these are the last three defendants remaining in this action, the Clerk of Court shall close this case.

**SO ORDERED.**

                                            s/Sandra L. Townes
                                        SANDRA L. TOWNES
                                        United States District Judge

Dated: June  10 , 2014
        Brooklyn, New York